UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------- x

WorldQuant, LLC,                            11:16-cv-09298 (DAB)
        Plaintiff,

        - against -                         Protective Order

Matthew Ober
        Defendant.


------------------------------------- x


DEBORAH A. BATTS, U.S.D.J.

     The parties having agreed to the following terms of

confidentiality, and the Court having found that good cause

exists for issuance of an appropriately-tailored confidentiality

order governing the exchange of information in connection with

the Order to Show Cause hearing scheduled in this matter for

December 12, 2016 in this action, it is therefore hereby

     ORDERED that any person subject to this Order -- including

without limitation the parties to this action, their

representatives, agents, experts and consultants, all third

parties providing discovery in this action, and all other

interested persons with actual or constructive notice of this

Order -- shall adhere to the following terms, upon pain of

contempt:

1. Any person subject to this Order who receives from any other person any "Discovery Material" (i.e., information of any kind provided in the course of discovery in this action) that is designated as "Confidential" pursuant to the terms of this Order shall not disclose such Confidential Discovery Material to anyone else except as expressly permitted hereunder.

2. The person producing any given Discovery Material may designate as Confidential only such portion of such material as consists of:

(a) previously nondisclosed financial information (including without limitation profitability reports or estimates, trading information, profits, losses, percentage fees, design fees, royalty rates, minimum guarantee payments, sales reports and sale margins);

(b) previously nondisclosed material relating to ownership or control of any non-public company;

(c) previously nondisclosed trading strategies, business plans, trade secret information, product development information, or marketing plans;

(d) any information of a personal or intimate nature regarding any individual; or

(e) any other category of information hereinafter given confidential status by the Court.

3. With respect to the Confidential portion of any Discovery Material other than deposition transcripts and exhibits, the producing person or that person's counsel may designate such portion as "Confidential" by stamping or otherwise clearly marking as "Confidential" the protected portion in a manner that will not interfere with legibility or audibility, and by also producing for future public use another copy of said Discovery Material with the confidential information redacted. With respect to deposition transcripts and exhibits, a producing person or that person's counsel may indicate on the record that a question calls for Confidential information, in which case the transcript of the designated testimony shall be bound in a separate volume and marked "Confidential Information Governed by Protective Order" by the reporter.

4. If at any time prior to the trial of this action, a producing person realizes that some portion[s] of Discovery Material that that person previously produced without limitation should be designated as Confidential, he may so designate by so apprising all parties in writing, and such designated portion[s] of the Discovery Material will thereafter be treated as Confidential under the terms of this Order.

5.   No person subject to this Order other than the producing person shall disclose any of the Discovery Material designated by the producing person as Confidential to any other person whomsoever, except to:

(a) the parties to this action;

(b) counsel retained specifically for this action, including any paralegal, clerical and other assistant employed by such counsel and assigned to this matter;

(c) as to any document, its author, its addressee, and any other person indicated on the face of the document as having received a copy;

(d) any witness who counsel for a party in good faith believes may be called to testify at trial or deposition in this action, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

(e) any person retained by a party to serve as an expert witness or otherwise provide specialized advice to counsel in connection with this action, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

(f) stenographers engaged to transcribe depositions conducted in this action; and

(g) the Court and its support personnel.

6. Prior to any disclosure of any Confidential Discovery Material to any person referred to in subparagraphs 5(d) or 5(e) above, such person shall be provided by counsel with a copy of this Protective Order and shall sign a Non-Disclosure Agreement in the form annexed as an Exhibit hereto stating that that person has read this Order and agrees to be bound by its terms. Said counsel shall retain each signed Non-Disclosure Agreement, hold it in escrow, and produce it to opposing counsel either prior to such person being permitted to testify (at deposition or trial) or at the conclusion of the case, whichever comes first.

7. All Confidential Discovery Material filed with the Court, and all portions of pleadings, motions or other papers filed with the Court that disclose such Confidential Discovery Material, shall be filed under seal with the Clerk of the Court and kept under seal until further order of the Court. The parties will use their best efforts to minimize such sealing. In any event, any party filing a motion or any other papers with the Court under seal shall also publicly file a redacted copy of the same, via the Court's Electronic Case Filing system, that redacts only the Confidential Discovery Material itself, and not

text that in no material way reveals the Confidential Discovery Material.

8.  Any party who either objects to any designation of confidentiality, or who, by contrast, requests still further limits on disclosure (such as "attorneys' eyes only" in extraordinary circumstances), may at any time prior to the trial of this action serve upon counsel for the designating person a written notice stating with particularity the grounds of the objection or request. If agreement cannot be reached promptly, counsel for all affected persons will convene a joint telephone call with the Court to obtain a ruling.

9.  Each person who has access to Discovery Material that has been designated as Confidential shall take all due precautions to prevent the unauthorized or inadvertent disclosure of such material.

10. If, in connection with this litigation, a party inadvertently discloses information subject to a claim of attorney-client privilege or attorney work product protection ("Inadvertently Disclosed Information"), such disclosure shall not constitute or be deemed a waiver or forfeiture of any claim of privilege or work product protection with respect to the Inadvertently Disclosed Information and its subject matter.

11. If a disclosing party makes a claim of inadvertent disclosure, the receiving party shall, within five business days, return or destroy all copies of the Inadvertently Disclosed Information, and provide a certification of counsel that all such information has been returned or destroyed.

12. Within five business days of the notification that such Inadvertently Disclosed Information has been returned or destroyed, the disclosing party shall produce a privilege log with respect to the Inadvertently Disclosed Information.

13. The receiving party may move the Court for an Order compelling production of the Inadvertently Disclosed Information. The motion shall be filed under seal, and shall not assert as a ground for entering such an Order the fact or circumstances of the inadvertent production.

14. The disclosing party retains the burden of establishing the privileged or protected nature of any Inadvertently Disclosed Information. Nothing in this Order shall limit the right of any party to request an in camera review of the Inadvertently Disclosed Information.

15. All information disclosed in discovery, whether or not marked Confidential, shall be used by the non-disclosing party solely for the purposes of this litigation.

16.    This Protective Order is subject to modification for just cause on application of either party only by further order of the Court.   Unless otherwise modified, this Protective Order shall survive the termination of the litigation. Within 30 days of the final disposition of this action, all Discovery Material designated as "Confidential," and all copies thereof, shall be promptly returned to the producing person, or, upon permission of the producing person, destroyed.

16. This Court shall retain jurisdiction over all persons subject to this Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.

So stipulated:

Dated:  December 13, 2016

WorldQuant, LLC
By its attorneys

Timothy G. Ronan (TR7693)
Pullman & Comley, LLC
850 Main Street
Bridgeport, CT 06601-7006
Telephone   203-674-7933
Facsimile 203-576-8888
Email: tronan@pullcom.com

Dated:                                          Matthew Ober
                                                By his attorneys

                                                _____

                                                Lucas Issacharoff (LI2429)
                                                Susman Godfrey LLP
                                                1301 Ave of the Americas
                                                New York, NY 10019
                                                Telephone  212-729-2018
                                                Email:
                                                lissacharoff@susmangodfr
                                                ey.com


SO ORDERED:



_____

DEBORAH A. BATTS, U.S.D.J.


NEW YORK, NEW YORK
DECEMBER   , 2016

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------- x

WorldQuant, LLC,                                    11:16-cv-09298 (DAB)
        Plaintiff,

        - against -                                 Non-disclosure Agreement

Matthew Ober,
        Defendant.
-- ------------------------------- x

        I, ————————————————————, acknowledge that I have read

and understand the Protective Order in this action governing the

non-disclosure of those portions of Discovery Material that have

been designated as Confidential. I agree that I will not disclose

such Confidential Discovery Material to anyone other than for

purposes of this litigation and that at the conclusion of the

litigation I will return all discovery information to the party

or attorney from whom I received it. By acknowledging these

obligations under the Protective Order, I understand that I am

submitting myself to the jurisdiction of the United States

District Court for the Southern District of New York for the

purpose of any issue or dispute arising hereunder and that my

willful violation of any term of the Protective Order could

subject me to punishment for contempt of Court.

Dated:

ACTIVE/76939.11/TRONAN/6241898v1